STATE *vs.* FRANCIS S. PEABODY.

WASHINGTON—MAY 6, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Criminal Complaint. Arrest of Judgment. Death of Complainant. Abatement.*

In a criminal complaint the fact that the complainant is a private individual who has furnished surety for costs does not have the effect of rendering the prosecution a private one. The State is the real party in all criminal proceedings, although, under certain circumstances, it is an individual complainant who sets the criminal law in operation. Hence a complaint is not abated after the conviction of defendant, and pending his petition for new trial, by the death of complainant.

(2) *Death of Complainant. Right to Further Prosecute, in whom.*

In a criminal complaint, upon the death of the individual complainant after the conviction of defendant, and pending his petition for a new trial, either the surety for costs or the proper town authorities may take such further proceedings as may be necessary to dispose of the case.

CRIMINAL COMPLAINT. Heard on motion in arrest of judgment, and denied.

TILLINGHAST, J. The defendant moves in arrest of judgment, on the ground that the complainant is dead.

The record shows that one John P. Burdick, of Westerly, instituted a criminal complaint against the defendant on the 9th day of August, 1901, under the provision of Gen. Laws R. I. cap. 281, § 24, charging him with nonsupport of his children. The complainant, not being a public official authorized by section 25 of said chapter to make such complaint, gave surety for costs in the usual way. See *State* v. *Woodmansee*, 19 R. I. 651.

The record further shows that the defendant was tried and convicted of said offence in the District Court of the Third Judicial District; that he thereupon took an appeal to the Common Pleas Division, where, upon trial by a jury, he was again convicted of said offence. He then filed in this court a petition for new trial, and pending this petition the complainant has deceased, and the defendant now moves in arrest of judgment as aforesaid.

We think it is clear that this motion must be denied. A motion in arrest of judgment raises only those objections which are apparent upon the record, and such as would be fatal on demurrer. *State* v. *Paul*, 5 R. I. 189; *Bull* v. *Mathews*, 20 R. I. 100; *Dunn* v. *Sullivan*, 23 R. I. 605; Black on Judg. vol. 1, 2nd ed. § 98, and cases cited. There is no apparent or demurrable defect in the case now before us. The proceeding is entirely regular on its face; the defendant has been twice convicted of the offence which is charged against him—first in the District Court, and second in the Common Pleas Division upon trial by jury—and nothing remains to be done—unless the petition for new trial is prosecuted—except for the court, upon motion, to impose sentence upon the defendant.

The position taken by defendant's counsel, that the death of the complainant operates as an abatement of the proceeding, is untenable. The State is the real party in all criminal prose-

cutions. The individual complainant simply sets the criminal law in operation, as he may rightfully do, but the State is the real prosecutor. It is the peace and dignity of the State which has been violated in the commission of any crime or offence, and hence no one but the State can, in any true sense, prosecute the offender for such a wrong. It is true that private complainants are required to become responsible for the costs to which the State may be subjected in case the prosecution fail. This requirement is probably for the purpose of preventing the bringing of complaints which may be instigated by personal spite or malice, or of bringing those which are not well founded in fact. But the mere fact that a private individual is the complainant does not have the effect to render the case any the less a State case than though it were brought by a chief of police or any other prosecuting officer.

Defendant's counsel further argues that, because of the death of said Burdick, there remains neither complainant nor prosecutor in the case, and also that there is now no person qualified or authorized to further prosecute the complaint. We cannot agree to this. We see no reason why the surety in the complaint may not, for his own protection, as well as in the interest of public justice, appear and move for sentence, or take such further proceedings as may be necessary to dispose of the case. We also see no reason why the town authorities of Westerly may not do likewise. It would certainly be a reproach to our criminal system if, merely by the death of a complainant, a defendant who has been finally found guilty of an offence should escape punishment therefor. But we are of the opinion that no such condition in fact exists. Counsel for defendant has cited no authority, nor have we been able to find any, in support of the position taken by him.

The case of *State* v. *Sullivan,* 12 R. I. 212, while not a direct authority in support of the position which we have taken, yet would seem to give strength thereto. In that case, which was a bastardy complaint under the statute, the complainant died before the case came on for trial in the Court of Common Pleas. The defendant then moved the court to dismiss the complaint on that account, and the court denied the motion.

Upon a petition for new trial this court held that the death of the complainant abated the proceeding on the ground that, "though it resembles in form a criminal prosecution, it is in substance and effect civil. It abated, therefore, on the death of the complainant." It is evident, we think, that the decision of the case was based solely upon the ground that the proceeding was to all intents and purposes a civil, rather than a criminal one; and it is fair to infer that, had it been a criminal proceeding, the court would have held that it did not abate by the death of the complainant. It may be observed in this connection that since that decision a provision has been incorporated in the statute which prevents even a complaint of that sort from abating by reason of the death of the complainant. Gen. Laws R. I. cap. 81, § 18.

The motion in arrest of judgment is denied.

*A. B. Crafts*, for State.

*Thomas H. Peabody and Nathan B. Lewis*, for defendant.